# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 18-70870-JAD |
| LARRY FREDERICK and SHARON FREDERICK, | Chapter 11 |
| Joint Debtors. | |
| M&T BANK, | |
| Movant, | |
| LARRY FREDERICK and SHARON FREDERICK, | |
| Respondents. | |

## RESPONSE TO M&T BANK'S MOTION
## FOR RELIEF FROM THE AUTOMATIC STAY

Secured creditor GROWMARK FS, LLC ("Growmark"), by its undersigned counsel, files this Response to M&T Bank's ("M&T") Motion for Relief from the Automatic Stay (the "Motion") [Dkt. No. 88]. Growmark generally does not object to the relief requested by M&T in its Motion. However, certain misstatements made within M&T's Motion require clarification.

1.  Growmark has a secured claim and a perfected priority security interest in certain of the Joint Debtors' personal property, behind the United States Department of Agriculture, Farm Service Agency ("FSA"), as evidenced by properly filed UCC Financing Statements No. 2011042803932, dated April 28, 2011, continued by No. 2016031801432, dated March 18, 2016. (A copy of a UCC Search Report identifying Growmark's perfected priority security interest is attached as Exhibit 1.)

1

2. In its Motion, and without attaching supporting exhibits, M&T alleges that, other than with respect to FSA, its security interests are first priority liens by virtue of its UCC filings "and various Subordination Agreements executed by Growmark FS, LLC[.]" [Mot. ¶19.] This is not correct as stated.

3. As set forth in Exhibit 1, Growmark's secured claim and perfected priority security interest in certain of the Joint Debtors' personal property is behind only that of FSA and primarily ahead of M&T. Pursuant to that certain "General Subordination Agreement" entered into between Growmark and M&T, Growmark's lien is subordinated to M&T to the amount of $100,000.00 only. (A copy of the 7/25/17 General Subordination Agreement is attached as Exhibit 2.)

4. Without an impartial appraisal of the secured property, Growmark is unable to determine the value of its lien position or the value of the M&T position that Growmark has subordinated to.

5. To the extent that this Honorable Court grants relief from the automatic stay to M&T, Growmark requests that it make no determination of the lien status between Growmark and M&T without an impartial appraisal so as not to potentially prejudice Growmark in subsequent proceedings.

Wherefore, Growmark respectfully requests that this Honorable Court order an appraisal of the collateral in question to determine the value of Growmark's security interest or, in the alternative, make no determination with regard to the value at all.

| | |
|---|---|
| Dated: June 29, 2020 | */s/ Ryan James* |
| | Ryan James |
| | Pa. I.D. No. 82799 |
| | |
| | Robert A. Galanter |
| | Pa. I.D. No. 11521 |
| | |
| | Galanter Tomosovich, LLC |
| | 437 Grant Street, Suite 1000 |
| | Pittsburgh, PA  15219 |
| | Phone: (412) 802.2690 |
| | Facsimile: (412) 802.2691 |
| | E-Mail: rxj@galantertomosovich.com |
| | rag@galantertomosovich.com |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 29, 2020, a true and correct copy of the foregoing document was served electronically through the Court's ECF System on all ECF participants registered in this case at the email addresses registered with the Court.

*/s/ Ryan James*
Ryan James