**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 18-70870-JAD |
| | ) | |
| LARRY FREDERICK d/b/a | ) | Chapter 11 |
| RICH-LOU FARMS, and | ) | |
| SHARON FREDERICK, | ) | Related to Doc. No. 76, 88, 106 |
| | ) | 114 |
| Debtors. | ) | |
| | ) | |
| | ) | |
| _____ | X | |

**ORDER SCHEDULING EVIDENTIARY HEARING ON M&T BANK'S MOTION**
**FOR RELIEF FROM STAY & SETTING HEARINGS ON RELATED MATTERS**

**AND NOW**, this 15th day of July, 2020, based on the discussion of the

parties at the hearing held on the *Motion for Relief From the Automatic Stay* filed

by M&T Bank (ECF No. 88) and the motion filed by the Debtors and consented

to by Hometown Bank of Pennsylvania (ECF No. 98), the Court hereby **ORDERS,**

**ADJUDGES, and DECREES** that an evidentiary hearing shall be conducted on

August 18, 2020, at 10 a.m. (the "Evidentiary Hearing") on the *Motion for Relief*

*From the Automatic Stay* filed by M&T Bank, ECF No. 88.

Due to their relatedness to the Evidentiary Hearing on M&T Bank's *Motion*

*for Relief From the Automatic Stay*, the following matters will also be heard on

August 18, 2020 at 10 a.m.:

i.    *Motion for Relief From Automatic Stay* filed by Hometown Bank of
      Pennsylvania (ECF No. 76).  Responses to the motion shall be filed by
      August 1, 2020;

ii.    The hearing on the *Disclosure Statement to Accompany Plan dated June 30, 2020* (ECF No. 106) currently scheduled for August 5, 2020, is rescheduled to August 18, 2020 at 10 a.m., and;

iii.   The hearing on the *Motion for Sale of Property Free and Clear of All Liens, Claims and Encumbrances* (ECF No. 114), currently scheduled for telephonic hearing on August 18, 2020 at 10 a.m. shall be heard by video conferencing in accordance with the provisions herein.

With respect to these matters, the moving parties shall immediately notify all interested parties as to any changes to date, time, and/or method of hearing by service of this order.

Further, with respect to the *Motion for Sale of Property Free and Clear of All Liens, Claims and Encumbrances* (ECF No. 114), the Debtors, as the moving party, shall notify any and all prospective bidders that in light of the COVID-19 pandemic and this Court's Zoom Hearing procedures, preregistration of bidders will be necessary to acquire access to the sale hearing. The Debtors, by way of their counsel, shall assume the responsibility of registering all prospective bidders in accordance with paragraph 3 below.  As such, the Debtors shall include in all notices regarding the sale hearing, instructions on how to preregister with Debtor's counsel (not the Court) and give notice of a preregistration deadline which shall be no sooner than 24 hours prior to the deadline for registering hearing participants with the Court under paragraph 3 below. The Debtors shall supply a copy of this order to all prospective bidders upon preregistration with instruction to review all Zoom testing requirements and instructions.

As to the Evidentiary Hearing on M&T Bank's *Motion for Relief From the Automatic Stay*, the parties are directed to meet and confer with each other and on or before August 4, 2020, shall file a stipulation of uncontested facts and also identify facts which are in dispute. On or before August 4, 2020, the parties shall file their pre-hearing briefs. On or before August 11, 2020, the parties shall file on the docket their hearing exhibits. Hearing exhibits shall be filed in accordance with paragraph 6 below.

Due to the ongoing public health crisis, all hearings subject of this order (collectively referred to as "the Hearings") shall be held entirely by video. This includes the remote examination of witnesses, which is permissible under Federal Rule of Civil Procedure 43(a), made applicable herein by Federal Rule of Bankruptcy Procedure 9017, "[f]or good cause in compelling circumstances and with appropriate safeguards[.]" Accordingly, the Court **FURTHER ORDERS** as follows:

1. **Use of "Zoom"**: The Hearings on the above-referenced matters shall be conducted remotely using "Zoom." All parties (including counsel and witnesses), as well as the Court shall participate in this manner.

2. **Speed Tests**: Prior to the date of the Hearings, all hearing participants are directed to test their internet connection speed to ensure that it is at least 3 Mbps. Participants shall also test their ability to run Zoom using https://www.zoom.us/test. Counsel shall ensure that all witnesses have access to Zoom and have complied with their testing obligations prior to the Hearings.

3. **Registration of Zoom Users**: To allow the Court to properly plan for the Hearings, no later than August 11, 2020, each party must register with the Court all persons representing or sponsored by the party (i.e. counsel, witnesses, party representatives) who wish to attend the Hearings via Zoom. Registration is made by e-mailing a list containing each person's name, relationship to the party, and role in the Hearings to my Law Clerk, Juliann L. Haynes-Held, at juliann_haynes-held@pawb.uscourts.gov . Registration information should also include what type of device each person will be connecting from. If any person intends to connect by audio only via telephone, the telephone number should also be included. This information will be used only for purposes of identifying incoming participants to the Zoom session and will not be made public. In order to optimize the use of Zoom, the Court requests that, if possible, counsel limit requests for Zoom participation to one attorney per law firm. Of course, all counsel expecting to question a witness should attend via Zoom.

4. **Access to Zoom Hearings**: No later than twenty-four (24) hours prior to the Hearings, a representative of the Court will e-mail counsel (or if a party is pro se, the party) a link to access the Zoom "meeting room." Counsel shall be responsible for distributing the link to any witnesses or other hearing participants previously registered by the party counsel represents. If counsel has not received the link by the designated timeframe, counsel shall contact Chambers. Before contacting Chambers, however, counsel should check their "junk" and "spam" folders.

5. **<u>Zoom Instructions</u>**: For the purpose of ensuring a smooth and efficient hearing, prior to the date of the Hearings all hearing participants (including counsel and witnesses) shall review the following information in order to familiarize themselves with the use of Zoom:

   a. **<u>Hardware</u>**: Zoom is compatible for use on mobile devices (such as a smartphone or tablet) or personal computer (laptop or desktop) which have a camera and microphone.

   b. **<u>Installation/Update of Zoom</u>**: To participate you need to install the Zoom app on your smartphone/tablet or install the Zoom software on a Windows or Mac laptop/desktop. If you already have Zoom installed on the device you are using for the Hearings, you must ensure the application is updated to the most recent version.



| | |
|---|---|
| | Apple SmartPhones or Tablets can download the Zoom App from the Apps Store. Android devices can use the Google Play Store.<br><br>**You do not need to create a Zoom account, the app installed is all you need** |
| Zoom Client for Meetings<br><br>The web browser client will download automatically when you meeting, and is also available for manual download here.<br><br>**Download**    Version 4.6.11 (20559.0413) | Windows or Mac laptops can download the Zoom software from: https://zoom.us/download<br><br>**You do not need to create a Zoom account, the app installed is all you need** |

c. **Testing Your Device**: As stated above, all hearing participants are required to test their device compatibility with Zoom requirements prior to the date of the Hearings. Participants can test their ability to operate Zoom at https:www.zoom.us/test. Tests must be conducted on the same device that will be used to participate in the Hearings.

d. **Using Zoom**: Using the device on which Zoom has been installed and tested, click on the link to the meeting.



For additional assistance using Zoom, please consult the Zoom "Help Center" at https://support.zoom.us/hc/en-us which offers "quick start guides" and video tutorials.

e. **Screen Mode**: Parties are expected to view the Hearings using the "Speaker View" mode.

6. **Exhibits**: For the Evidentiary Hearing only, no later than August 11, 2020, the parties shall file on the docket all exhibits to be presented at the Evidentiary Hearing.  Each party's exhibits shall be compiled into a single pdf document with continuous bates numbering (i.e. numbering shall not restart with each document). Each party shall file their compiled exhibits on the docket with the label "[Party Name]'s Exhibits for [Date] Hearing". The intent behind this instruction is to create a single location for each party's exhibits for ease of reference for all hearing participants. As the Court will be the party "sharing" the referenced documents via Zoom during the Evidentiary Hearing, compliance with exhibit filing instructions is essential to the smooth and efficient presentation of exhibits.  To the extent the volume of exhibits is too large for a single pdf filing, parties may make additional docket entries (ex. "[Party Name]'s Exhibits for [Date] Hearing – Part II"). The bates numbering of the additional entries shall be continuous from the prior docket entry.  Prior to the date of the Evidentiary Hearing, counsel (or the party if pro se) shall ensure that all of its witnesses have been supplied with a copy of the exhibits.

7. **Witnesses**: For the Evidentiary Hearing only, in addition to the registration of witnesses as Zoom participants under paragraph 3 above, no later than August 11, 2020, each party shall file on the docket the following information for each witness:

   a. The name and title of the witness;
   b. The general topic(s) of the witness's testimony;
   c. The geographical location of the witness (city, state, country);

d. The type of location from which the witness will testify (ex. residence, office, etc.). For privacy reasons, please do not include an exact address;

e. Indicate whether anyone will be in the room with the witness during testimony and if so, the identity of that person (name/title/relationship to witness) and the purpose of their presence, and;

f. Which exhibits, if any, the party expects to utilize during examination of the witness.

8. **Recording of Hearings**: Other than the Court, no party or hearing participant may record any part of the Hearings, whether by use of the Zoom recording capabilities, third-party applications, or by any other means.

9. **Minimization of Noise Interference**: One of the challenges the global health crisis has created is the need for many to conduct work out of informal workspaces.  As a result, these workspaces are often not protected from the ambient noises of life (ex. pets, other persons in the household, phone line interference, etc.).  While the Court certainly understands the situation, the Court requests that all Zoom participants make a concerted effort to minimize all background noise. As part of this effort, all Zoom participants must mute their microphone upon connecting to Zoom and should remain in that posture unless actively speaking. Unless counsel is making an objection to testimony or unless directly addressed by the Court, during the course of the Hearings counsel should indicate a desire to speak by "raising their hand" in the chat feature of the Zoom Hearing. Using this feature will send a notification to the Court and

counsel will be provided with an opportunity to address the Court. It is strongly recommended that counsel familiarize themselves with this feature prior to the Hearings.

Dated: July 15, 2020

_____ jlh

Jeffery A. Deller
United States Bankruptcy Judge

Case administrator to serve:

Larry & Sharon Frederick
Robert O Lampl, Esq.
William E. Kelleher, Jr., Esq.
Leonard P. Vigna, Esq.
Office of the United States Trustee

FILED
7/15/20 10:38 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA