IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 11 |
| LARRY FREDERICK and SHARON ) | |
| FREDERICK, ) | |
| ) | CASE NO. 18-70870-JAD |
| Debtors. ) | |
| ) | Doc. No. _____ |
| M&T BANK ) | |
| ) | Related to Doc. Nos. 88, 163 and 172 |
| Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| LARRY FREDERICK and SHARON ) | |
| FREDERICK, ) | |
| ) | |
| Respondents. ) | |

**STIPULATION AND CONSENT ORDER SETTLING CONTESTED MATTERS BETWEEN THE DEBTORS AND M&T BANK AND ESTABLISHING ASSET SALE PROCESS**

Upon the agreement of M&T Bank, the above-captioned debtors, Larry Frederick and Sharon Frederick (the "Debtors") (collectively, the "Parties"), and with the consent and joinder of the United States of America, acting through the United States Department of Agriculture, Farm Service Agency ("FSA"), by and through their undersigned counsel, hereby stipulate and agree to the terms and conditions set forth in this stipulation and consent order (this "Stipulation and Consent Order"), and request that the Court approve and enter this Stipulation and Consent Order as an Order of this Court, as follows:

**RECITALS**

A.      On December 20, 2018, the Debtors filed a voluntary petition for relief under chapter 11 with this Court at the above-captioned case number.

B.      On April 24, 2019, M&T Bank and FSA filed a Joint Motion to Prohibit or Condition Use of Cash Collateral. (ECF Doc. No. 43).

  C. On June 11, 2019, the Court entered an agreed order (the "Cash Collateral Order") imposing certain conditions on the Debtors' use of cash collateral during the period from June 1, 2019, through the earlier of July 31, 2019, or the Termination Date (as that term is defined in the Cash Collateral Order). (ECF No. 43). Among other things, the Cash Collateral Order required the Debtors to make monthly adequate protection payments to M&T Bank in the amount of $7,500.

  D. Though the Cash Collateral Order expired by its terms on July 31, 2019, the Debtors agreed to continue making monthly adequate protection payments in the same amount to M&T Bank.

  E. The Debtors made adequate protection payments in the full amount of $7,500 from August 2019 through February 2020. However, the Debtors unilaterally reduced the amount of the adequate protection payments to $2,500 for March, April, and May 2020, and to $4,000 for June, July, and August 2020. In consideration for M&T Bank agreeing to the last continuation of the hearing and pretrial order for the Contested Matters (as defined below), the Debtors agreed to recommence the monthly adequate protection payments in the amount of $7,500 beginning with September 2020. See Monthly Operating Reports (ECF Nos. 81, 82, 92, 84, 131, 141, 147, 151, 167).

  F. On June 11, 2020, M&T Bank filed a Motion for Relief from the Automatic Stay (the "M&T Motion"). (ECF No. 88).

  G. On June 29, 2020, the Debtors filed a Response to the M&T Motion (the "Response"). (ECF No. 102).

  H. On June 30, 2020, the Debtors filed a Plan of Reorganization Dated June 30, 2020 (the "Plan") and accompanying Disclosure Statement (the "Disclosure Statement"). (ECF Nos. 104, 106).

I.  On July 1, 2020, the Court entered an order setting the deadline to object to the Disclosure Statement as July 29, 2020, and scheduling a hearing on approval of the Disclosure Statement for August 5, 2020. (ECF No. 108).

J.  On July 8, 2020, the Debtors filed a Motion for Sale of Property Free and Clear of All Liens, Claims and Encumbrances (the "Initial Sale Motion"). (ECF No. 114). As described in the Initial Sale Motion, the Debtors proposed to sell certain personal property and three parcels of real estate to Eric and Jennifer Frederick (collectively, the "Proposed Purchaser"), who are husband and wife and the son and daughter-in-law of the Debtors, for the aggregate purchase price of $2,600,000.

K.  Subsequent to the filing of the Initial Sale Motion it was discovered that Eric Frederick had been negotiating and had received an expression of interest from Mark Frederick, an alleged unrelated party (who is a neighbor of the Debtors with the last name Frederick) regarding the purchase of one of the three parcels (as defined below, Cove Lane) for $850,000 which was $350,000 higher than the price attributed to the Cove Lane property in the Purchase and Sale Agreement attached to the Initial Sale Motion. When M&T Bank informally objected to that arrangement and Mark Frederick refused to submit an offer to the bankruptcy estate when contacted by M&T Bank and Counsel to the Debtors, the Parties agreed to restructure the sale and the sale process and specifically agreed to market Cove Lane with an $850,000 "upset price". Since that time, and as further provided in this Stipulation and Consent Order, Mark Frederick submitted an offer to the Debtors for the Purchase of Case Lane for $850,000.

L.  On July 15, 2020, the Court entered an order (the "Scheduling Order") scheduling hearings on the M&T Motion and the Response, the Disclosure Statement, and the Initial Sale Motion (collectively, the "Contested Matters") for August 18, 2020. (ECF No. 127).

M. The hearings on the Contested Matters were subsequently continued several times via consent order, and were scheduled to be heard on December 3, 2020. (ECF Nos. 136, 137, 144, 145).

N. The Debtors and M&T Bank have been engaged in discussions regarding the settlement of, *inter alia*, the Contested Matters, and have agreed to settle the Contested Matters subject to and solely on the terms and conditions set forth in this Stipulation and Consent Order.

O. Consistent with the settlement discussions and this Stipulation and Consent Order, on November 13, 2020, the Debtors filed an Omnibus Motion to Withdraw Chapter 11 Plan of Reorganization (ECF No. 105) Disclosure Statement (ECF No. 106) and Motion To Sell Property Free And Clear of Liens (ECF No. 114) Without Prejudice (the "Withdrawal Motion") (ECF No. 155; refiled at ECF No. 157). The Court issued a scheduling order (ECF No. 158) and scheduled a hearing on the Withdrawal Motion for December 15, 2020 at 10:00 AM, which was subsequently changed to December 3, 2020. At that hearing, the Court entered an Order granting the Omnibus Motion. (ECF No. 170).

P. On November 16, 2020, the Debtors also filed under an Amended Certification of Counsel a proposed order continuing generally the M&T Motion (ECF. No. 160), and the Court entered such Order of Court on November 17, 2020 (ECF No. 163).

Q. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

R. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

S. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

WHEREFORE, after due deliberation and good and sufficient cause appearing therefore, the Parties hereby STIPULATE, COVENANT and AGREE, and the Court hereby ORDERS, ADJUDGES and DECREES, as follows:

## PROVISIONS

1.    <u>Findings and Conclusions</u>. The foregoing stipulated paragraphs and the following provisions are incorporated by reference and, to the extent appropriate, are adopted by the Court as findings of fact and conclusions of law.

2.    <u>Settlement of the M&T Motion</u>. The Parties hereby agree to settle the Contested Matters, solely upon and subject to the terms and conditions set forth in this Stipulation and Consent Order.

3.    <u>Implementation of Settlement</u>.

(a)    On or before January 8, 2021, the Debtors shall file with the Court and serve on all parties in interest a motion and proposed order, each in form and substance satisfactory to M&T Bank and FSA, seeking approval of this Stipulation and Consent Order. The Debtors shall self-schedule a hearing on the motion for February 5, 2021.

(b)    On or before January 8, 2021, the Debtors shall (i) enter into an Asset Purchase Agreement (the "FR APA"), with the Proposed Purchaser, which will provide for the sale of the Frederick Road Properties and the personal property specifically identified in the APA, including the Debtors' house located on 1098 Frederick Road, milking barn, silos, waste pond, other facilities, equipment and fixtures, and the Debtors' dairy herd and other livestock (the "Personal Property"), to the Proposed Purchaser for the aggregate sum of $2,100,000, which price will be allocated as follows: $1,575,000 for 1098 Frederick Road (as defined below) and $525,000 for 1219 Frederick Road (as defined below), and for each parcel, 87.54% of the price will be allocated to real estate and 12.46% allocated to personal property, without prejudice to M&T Bank's right to apply the proceeds of such sale to its loans at its discretion in accordance with the M&T Bank Loan Documents, which FR APA shall incorporate the applicable provisions of and

be consistent with this Stipulation and Consent Order and otherwise be in form and substance satisfactory to M&T Bank and FSA.

For purposes of this Stipulation and Consent Order, the "Frederick Road Properties" shall mean the following two parcels and properties:

- an approximately 161-acre parcel located at, and commonly known as, 1098 Frederick Road, Martinsburg, Pennsylvania 16662 ("1098 Frederick Road"), which will be sold with the Personal Property;

- an approximately 66-acre parcel located at, and commonly known as, 1219 Frederick Road, Martinsburg, Pennsylvania 16662 ("1219 Frederick Road"), which includes a house currently occupied by Eric and Jennifer Frederick.

(c)     On or before January 8, 2021, the Debtors shall (i) enter into an Asset Purchase Agreement (the "CL APA") with Mark Frederick (who claims to be no relation or a distant relation to the Debtors) and/or his spouse (the "CL Purchaser"), which will provide for the sale of Cove Lane (which involves real estate only and no personal property) to the CL Purchaser for the aggregate sum of $850,000, which CL APA shall incorporate the applicable provisions of and be consistent with this Stipulation and Consent Order and otherwise be in form and substance satisfactory to M&T Bank and FSA.

For purposes of this Stipulation and Consent Order, "Cove Lane" shall mean the following real property parcel (which consists of unimproved crop land containing no personal property): an approximately 59.94-acre parcel identified as Blair County Tax Parcel No. 20.000-12-001.00, located at Frederick Road in Martinsburg, Pennsylvania 16662, which the Debtors' Schedules identify as having an address of Cove Lane and which is sometimes referred to as the Cove Lane

or the Kensinger Road Property or the Robinette Farm ("Cove Lane" and together with the Frederick Road Properties and the Personal Property, the "Sale Assets").

(d) On or before January 12, 2021, the Debtors shall enter into a listing agreement with, and prepare and file with the Court an expedited motion to approve the retention of, Juniata Realty (the "Realtor"), as listing agent to market the Sale Assets. Subject to the agreement of the Debtors and the Realtor, the listing agreement shall provide that the Realtor shall not be entitled to a commission if the successful bidder at the Sale Hearing is the Proposed Purchaser, the CL Purchaser, Rodney Metzler (or any of his relatives or affiliates), or M&T Bank as a result of a credit bid. The listing agreement and motion shall incorporate the applicable provisions of and be consistent with this Stipulation and Consent Order and otherwise be in form and substance satisfactory to M&T Bank and FSA.

(e) On or before January 20, 2021, the Debtors shall prepare and file with the Court a new motion seeking authority to sell the Sale Assets pursuant to 11 U.S.C. § 363 (the "Sale Motion"), which shall incorporate the applicable provisions of and be consistent with this Stipulation and Consent Order and otherwise be in form and substance satisfactory to M&T Bank and FSA. The Sale Motion shall request that a sale hearing be scheduled, if convenient to the Court, between **March 10, 2021 and March 18, 2021.**

(f) On or before January 20, 2021, the Debtors shall prepare and file with the Court an expedited bid procedures motion (the "Bid Procedures Motion"). Either the Sale Motion or the Bid Procedures Motion shall provide the following:

(i) that the Proposed Purchaser shall act as a stalking horse bidder with respect to the Frederick Road Properties and the Personal Property;

7

(ii) that, pursuant to the FR APA, the Proposed Purchaser shall submit a bulk bid of $2,100,000.00 plus conditional assumption of the Growmark debt and lien, if any, on the Frederick Road Properties and the Personal Property;

(iii) that, pursuant to the CL APA, the CL Purchaser shall submit a bid of $850,000 for Cove Lane;

(iv) that competing bids will be solicited for the Frederick Road Properties and the Personal Property (together as one lot) and for Cove Lane (individually and in bulk with the Frederick Road Properties and Personal Property) and the Bankruptcy Court shall determine the highest or best bid or bids for the Sale Assets at the Sale Hearing;

(v) that, in the event a higher or better bid for the Frederick Road Properties and Personal Property is approved by the Court (other than a higher or better bid submitted by the Proposed Purchaser or a credit bid submitted by M&T Bank), the Proposed Purchaser shall be entitled to be reimbursed for any actual and reasonable expenses incurred by the Proposed Purchaser in connection with the FR APA or the sale process up to a maximum of $25,000 to be paid from the sale proceeds at closing if and when the competing bidder closes and pays the purchase price for the purchased Sale Assets (the "FR Expense Reimbursement");

(vi) that the cash component of any higher or better bulk bid for the Frederick Road Properties and the Personal Property must be in the minimum amount of $2,150,000 and the minimum amount for subsequent bids must be at least $25,000;

(vii) that a higher or better bulk bid for the Frederick Road Properties and the Personal Property must include the conditional assumption of the Growmark debt and lien;

(viii) that the cash component of any higher or better bid for Cove Lane must be in the minimum amount of $860,000 and the minimum amount for subsequent bids must be at least $10,000;

8

    (ix) that neither the Proposed Purchaser's FR APA, nor the CL Purchaser's CL APA, nor any competing bidder's bid shall contain any financing contingencies;

    (x) that any prospective bidder interested in submitting a bid at the Sale Hearing shall provide a deposit in the amount of $5,000 (or if higher, an amount equal to the deposit posted by the Proposed Purchaser under the FR APA or by the CL Purchaser under the CL APA, as applicable) at least three (3) days in advance of the Sale Hearing (as defined below); and

    (xi) that any prospective bidder interested in submitting a bid at the Sale Hearing shall provide an executed Asset Purchase Agreement, the form of which shall be attached to the Bid Procedures Motion and which shall be substantially the same as the FR APA or the CL APA, as applicable. In the event that the bidder submits an Asset Purchase Agreement with any terms that are not in the same as the form APA, those terms must be noted in redline in a counterpart accompanying the executed version of the Asset Purchase Agreement submitted by the bidder; and

    (xii) any other matter that the Parties shall mutually agree.

  (g) Upon approval of the bid procedures set forth in the Bid Procedures Motion, the Debtors shall circulate a draft Notice of Sale to M&T and the FSA and upon approval of the same shall file and serve the Notice of Sale consistent with Bankruptcy Rule 2002.

  (h) The Debtors' prior withdrawal of the Plan and Disclosure Statement was without prejudice to the Debtors' right to file and propose a new plan of reorganization or plan of liquidation and without prejudice to any party in interest's right to oppose or object to any such plan. Any new or amended plan and disclosure statement shall provide for non-discriminatory and fair and equitable (as those concepts are defined under the Bankruptcy Code) treatment of M&T Bank's Deficiency Claim (as defined below).

(i)     The Debtors shall prepare and file any other pleadings and take such other and further actions reasonably necessary to carry out and timely complete the transactions contemplated by this Stipulation and Consent Order.

(j)     The Parties agree that the hearing on the M&T Motion for relief from the stay shall be continued to the Sale Hearing and the M&T Motion shall be resolved as further provided below. As the M&T Motion has been continued generally, the Parties will file a Joint Motion asking for it to be scheduled on the same date as the Sale Hearing.

4.     The Sale.

(a)     The Sale Assets shall be offered for sale, both in bulk and separately (with the Frederick Road Properties and Personal Property together constituting one lot), at a hearing to be held before this Court (the "Sale") at such date and time as the Court shall set between **March 10, 2021 and March 18, 2021**, pursuant to the Bid Procedures or Sale Motion or such other date and time as soon thereafter as is convenient to the Court (the "Sale Date" or "Sale Hearing").

(b)     The Frederick Road Properties and Personal Property and Cove Lane shall be offered for sale subject to the terms and conditions set forth in Section 3 above.

(c)     M&T Bank's right to credit bid on any of the Sale Assets is hereby expressly preserved; provided, however, that M&T may not submit a bid on the Frederick Road Properties or Cove Lane unless and until a competing bidder submits a higher or better bid than that submitted by the Proposed Purchaser pursuant to the FR APA for the Frederick Road Properties and Personal Property or by the CL Purchaser pursuant to the CL APA for Cove Lane.

(d)     Any sale approved by the Court must close on or before the date that is thirty (30) days from the Sale Date. Failure to timely close will result in, *inter alia*, M&T Bank being automatically granted relief from the automatic stay as provided in Section 11 of this Stipulation and Consent Order.

5.  Marketing of the Property.

(a)  On or before January 12, 2021, the Debtors shall cause the Frederick Road Properties and the Personal Property (as one combined lot) and Cove Lane to be listed for sale with the Realtor.

(b)  On or before January 12, 2021, the Debtors or the Realtor shall cause "For Sale" signs to be prominently posted on each of the Frederick Road Properties and Cove Lane in such a manner that such signs will be clearly visible from adjacent roadways.

(c)  Within a reasonable time after the approval of the Bid Procedures and at least within twenty (20) days prior to the Sale Hearing, the Debtors, in addition to complying with the notice, advertising, listing on the Court's EASI website and other requirements of the Court's Local Rules, shall cause a sale notice to be filed and served on all parties in interest and published no less than twice and more than 10 days in advance of the Sale Date in the *Martinsburg Farm Journal* and with *Lancaster Farming,* and take such other actions as are recommended by the Realtor.

(d)  The Debtors and their relatives shall make the Sale Assets available for inspection at all reasonable times, and shall otherwise take all reasonable actions to cooperate with any prospective purchaser or bidder.

(e)  The Debtors, the Proposed Purchaser, and their relatives, employees and agents shall not take any action that could reasonably be expected to discourage bidding or interfere with the Sale, and shall otherwise not violate 18 U.S.C. § 157 or any other applicable law. Any expression of interest, offer or any other bona fide inquiry received by the Debtors, the Proposed Purchaser, or any of their relatives, employees or agents from a prospective bidder or purchaser regarding any of the Sale Assets shall immediately be provided (if in writing) or be

11

reported (if oral) to counsel for the Debtors and counsel for M&T Bank, who is permitted to share the information with counsel for FSA.

6. <u>Compliance and Approval</u>. The Sale shall be conducted in full compliance with 11 U.S.C. § 363 and all applicable provisions of the Bankruptcy Code, as well as the Federal and Local Rules of Bankruptcy Procedure, and the terms of this Stipulation and Consent Order. The Sale shall be subject to the final approval of this Court.

7. <u>Release of Liens</u>. At the closing of the Sale and upon receipt of the full purchase price (less only the proceeds paid to FSA or any real estate commission paid to the Realtor pursuant to paragraph 8(a) or (b) below), (a) M&T Bank shall release its mortgage and judgment liens and security interests in the Sale Assets purchased at the Sale Hearing (other than any Sale Assets purchased by M&T Bank through a credit bid), which liens shall attach to the proceeds of sale, (b) FSA shall release its liens and security interests in the Sale Assets, (c) unless the Court orders otherwise at the Sale Hearing, the purchaser of the Frederick Road Properties and the Personal Property shall conditionally assume the prepetition secured debt of Growmark and such assets shall remain subject to whatever, if any, valid, perfected and first priority lien exists in favor of Growmark but any such lien and assumed debt shall be automatically divested and rendered null and void as of the Sale Date in the event a court of competent jurisdiction, including this Court, determines that any such lien is subordinate to the liens in favor of M&T Bank or otherwise subject to avoidance or disallowance under Section 506 or any other provision of the Bankruptcy Code, and (d) the purchased Sale Assets otherwise shall be conveyed at the closing to the successful bidder at the Sale Hearing free and clear of all liens, claims, interests and encumbrances to the fullest extent permitted by law (except as otherwise provided in subparagraphs (a) and (c) above).

8. Proceeds.

(a) Subject to the exceptions set forth in paragraph 8(b) below, one hundred percent (100%) of the proceeds from the sale(s) of all of the Sale Assets shall be paid to M&T Bank at the closing of any of the Sale Assets, except for the outstanding loan balance which shall be paid to FSA on account of the prepetition debt owed by the Debtors to FSA at the closing of the Frederick Road Properties and Personal Property. FSA hereby acknowledges and agrees that the sale of any of the Sale Assets and this Stipulation and Consent Order and the transaction contemplated by this Stipulation and Consent Order shall not affect the rights and remedies of M&T Bank under any guaranty or suretyship agreement issued by FSA with respect to any of the loans made by M&T Bank to the Debtors.

(b) The Realtor, if approved by the Court, may be paid a reasonable commission out of the sale proceeds paid at closing prior to payment of such proceeds to M&T Bank; provided, however, that the Realtor will not be entitled to any commission from (i) a sale to the Proposed Purchaser except if and only to the extent the Proposed Purchaser submits a bid in excess of $2,100,000 that is determined to be the successful bid at the Sale Hearing; (ii) a sale made in connection with a bid submitted by or on behalf of Rodney Metzler or any of his relatives or affiliates; (iii) a sale made in connection with a bid submitted by or on behalf of the CL Purchaser for Cove Lane except if and only to the extent the CL Purchaser submits a bid for Cove Lane in excess of $850,000 that is determined to be the successful bid at the Sale Hearing; or (iv) a sale of any of the Sale Assets to M&T Bank pursuant to a credit bid.

13

9. <u>Access to Information; Inspection</u>.

(a) Any environmental study, assessment, investigation or report obtained or used by the Proposed Purchaser, the CL Purchaser or the Debtors in connection with the Sale or the financing for the purchase of any of the Sale Assets shall be promptly furnished by the Proposed Purchaser, the CL Purchaser and the Debtors to M&T Bank, who may share the information with FSA.

(b) In the event M&T Bank, in its sole discretion, elects to conduct any environmental inspection, assessment, or study of any of the Sale Assets, the Debtors shall, upon reasonable notice from M&T Bank, provide M&T Bank and its agents with access to the properties to conduct the same.

10. <u>Cash Collateral and Adequate Protection</u>. The Debtors may continue to use M&T Bank's and FSA's cash collateral until the earlier of: (i) the closing of any purchase of the Sale Assets approved by the Court at the Sale Hearing; or (ii) M&T Bank being granted relief from the automatic stay pursuant to this Stipulation and Consent Order with respect to the Frederick Road Properties and the Personal Property or Cove Lane; <u>provided</u>, <u>however</u>, that such use of M&T Bank's and FSA's cash collateral is conditioned upon the Debtors' timely payment of indefeasible adequate protection payments of $7,500 to M&T Bank on or before the twentieth (20th) day of each month (regardless of when the authority to use cash collateral may expire and without any right to apportion or obtain any refund for a partial month), and upon payment to FSA of its regular monthly payments from the milk purchases by the Co-Op (as defined in the Cash Collateral Order).

11. <u>Conditional Relief from the Stay</u>.

(a) With respect to the Sale Assets, if (i) the Debtors fail to enter into an APA with either the Proposed Purchaser or the CL Purchaser by the time frames required by Sections 3(a) or (b) of this Stipulation and Consent Order, as applicable, (ii) the FR APA or the CL APA is

14

terminated or breached by any party prior to the closing, (iii) the closing under either the FR APA or the CL APA does not occur by the time frame set forth in Section 4(d) of this Stipulation and Consent Order, or (iv) if the successful bidder at the Sale Hearing does not consummate the purchase of the Frederick Road Properties and the Personal Property or Cove Lane, as applicable, within the time set forth in Section 4(d) of this Stipulation and Consent Order, then M&T Bank shall be automatically granted relief from the automatic stay with respect to the applicable Sale Assets that were not purchased, such that M&T Bank may pursue any and all rights and remedies against such Sale Assets effective as of the occurrence of the event described above giving rise the relief from stay. Such relief from the stay shall be automatic and effective without any further order or action, but this Stipulation and Consent Order is without prejudice to M&T Bank's right to request a separate order confirming and further detailing such relief, including M&T Bank's right to commence a mortgage foreclosure action naming the Debtors as putative defendants in state or federal court, transferring the prepetition confessed judgment from federal court to state court in Blair County, requesting a deed in lieu of foreclosure from the Debtors, selling all or part of its loans and Loan Documents, or taking any other action necessary to foreclose on, or transfer title to, such Sale Assets.

    (b) <u>Survival of M&T Bank's Rights</u>. M&T Bank's liens on any non-real property assets and deficiency claim will survive any Sale and closing and be deemed valid without any further action on the part of M&T Bank, including, without limitation, compliance with the Pennsylvania Deficiency Judgment Act, 42 Pa. Cons. Stat. § 8103, other than amending its Proof of Claim to reflect the application of the net Sale proceeds actually received by M&T Bank. In the event M&T Bank receives any proceeds from the Sale, all of M&T Bank's rights and remedies with respect to such amended claim (the "Deficiency Claim") are hereby reserved and preserved. For the avoidance of doubt, in the event M&T Bank is granted relief from the automatic stay with

15

respect to any of the Sale Assets, nothing in this Stipulation and Consent Order will affect the Deficiency Claim until consummation of a foreclosure sale or M&T Bank otherwise has a monetary recovery with respect to such property.

12. <u>Release of Liens</u>. Upon M&T Bank's receipt of payment of the Sale proceeds from the sale of the Frederick Road Properties and the Personal Property in accordance with Section 8 above (other than as a result of a credit bid by M&T Bank), M&T Bank agrees to release its judgment lien on any remaining real estate owned jointly by and listed by the Debtors on their bankruptcy Schedules (other than Cove Lane).

13. <u>Subsequent Transfer(s)</u>. In the event that the Proposed Purchaser transfers any of the Sale Assets purchased through the Sale contemplated by this Stipulation and Consent Order within the two (2) years following the date of the closing of such sale, the Proposed Purchaser shall immediately remit to M&T Bank twenty-five percent (25%) of the amount of any net sale proceeds that exceeds the amount paid by the Proposed Purchaser to purchase such property.

14. <u>Rights Preserved</u>. Except as otherwise provided in this Stipulation and Consent Order, nothing herein waives, prejudices, or otherwise affects the rights and remedies of the Parties, whether under any agreement, instrument, or other document, the Bankruptcy Code or applicable non-bankruptcy law, at law or in equity, or otherwise. All such rights and remedies are hereby reserved, including, without limitation, M&T Bank's right to object to any amended plan and disclosure statement filed by the Debtors, but in the event the Debtors propose a plan of reorganization or liquidation that is consistent with and in compliance with this Stipulation and Consent Order, it will be supported by M&T Bank.

15. <u>Retention of Jurisdiction</u>. The Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to this Stipulation and Consent Order, and the relief set forth herein.

CONSENTED AND AGREED TO:

/s/ Ryan J. Cooney
Ryan J. Cooney
ROBERT O LAMPL LAW OFFICE
223 Fourth Avenue, 4th Fl.
Pittsburgh, PA 15222
Phone: (412) 392-0330
Fax: (412) 392-0335
rcooney@lampllaw.com

Dated: January 8, 2021

*Counsel for the Debtors*

CONSENTED AND AGREED TO:

/s/ William E. Kelleher, Jr.
William E. Kelleher, Jr.
(PA ID No. 30747)
Daniel P. Branagan
(PA ID No. 324607)

DENTONS COHEN & GRIGSBY P.C.
625 Liberty Avenue
Pittsburgh, PA 15222-3152
Phone: (412) 297-4900
Fax: (412) 209-0672
bill.kelleher@dentons.com
daniel.branagan@dentons.com

Dated: January 8, 2021

*Counsel for M&T Bank*

CONSENTED AND AGREED TO AND
JOINED FOR THE PURPOSE OF
SECTIONS 3, 7, 8 AND 10:

SCOTT W. BRADY
United States Attorney

/s/ Jill Locnikar
Jill Locnikar
Assistant United States Attorney
Joseph F. Weis, Jr. United States Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
Tel: (412) 894-7429
Email: jill.locnikar@usdoj.gov
PA ID No. 85892

*Counsel for United States Department of Agriculture, Farm Servicing Agency*

**SO ORDERED, as of this** 19th **day of February __, 2021:**

JEFFERY A. DELLER
United States Bankruptcy Judge

FILED
2/19/21 11:59 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

17